THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DWAINE TERRY, Appellant

Memorandum: In our view defendant's suppression motion was properly denied since the police officer had a reasonable

basis to stop defendant and remove a deadly weapon from his pocket. We do not dispute defendant's general argument that the radio report, which must be presumed to be from an anonymous source, did not constitute "reasonable suspicion to stop and frisk anyone" fitting defendant's general description and location *(People v Bruce,* 78 AD2d 169, 172). Nor does the fact that police were dispatched to a high-crime area, in and of itself, permit this level of intrusion *(People v Bond,* 116 AD2d 28, 32-33; *People v Bronston,* 113 AD2d 627, 633). Here, however, the fact that defendant's dress, location and direction of travel, as observed by the police, was exactly as described over the radio confirmed the reliability of the tip *(see, People v Taggart,* 20 NY2d 335, 337, *appeal dismissed* 392 US 667; *People v Sustr,* 73 AD2d 582, 583). Further, information that shots were fired may well have mandated a more intensive police intrusion *(People v De Bour,* 40 NY2d 210, 225). Finally, police observation of a bulge in defendant's pocket indicating the possible presence of a concealed weapon was a crucial factor *(see, e.g., People v Benjamin,* 51 NY2d 267, 271; *People v Stewart,* 41 NY2d 65, 67; *People v De Bour,* 40 NY2d 210, 220-221, *supra; compare People v Bond,* 116 AD2d 28, 30, *supra* [no bulge observed prior to search]). (Appeal from judgment of Supreme Court, Erie County, Willis, J.—attempted criminal possession of weapon, third degree.) Present—Denman, J. P., Boomer, Pine, Lawton and Schnepp, JJ.